IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JENNIFER LAY | § | |
| | § | |
| v. | § | Case No. 2:16-CV-0455-RSP |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION**

On October 30, 2014, Administrative Law Judge Keith J. Allred issued a decision finding that Petitioner Jennifer Anne Lay was not disabled within the meaning of the Social Security Act from January 24, 2013 through the date of the decision. Ms. Lay, who was 42 with a high school education and two years of college at that time, was found to be suffering from severe impairments consisting of failed spinal surgery syndrome and degenerative disc disease. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least January 24, 2013. Before that time, she had worked as a housekeeper and personal trainer but never at a level sufficient to qualify as substantial gainful activity.

After reviewing the medical records and receiving the testimony at the hearing, the ALJ determined that Petitioner had the residual functional capacity (RFC) to perform light work, as defined in the Social Security Regulations, in that she can lift or carry 20 pounds occasionally, and 10 pounds frequently. She can stand or walk for 6 hours in an 8-hour workday, and sit for up to 6 hours in a workday. She must avoid production-paced or assembly line jobs, as well as crawling or climbing ladders, ropes or scaffolds. She can occasionally climb ramps or stairs, and balance, stoop, bend, squat, kneel and crouch.

Considering Petitioner's RFC, the ALJ relied upon the testimony of Vocational Expert William Weber and found that Petitioner had the residual functional capacity to perform several jobs that exist in significant numbers in the national economy, including ticket printer/tagger, mail clerk, and cashier. This resulted in a finding of no disability, rendering her ineligible for Supplemental Security Income benefits. Petitioner appealed this finding to the Appeals Council, which denied review on April 12, 2016. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises three issues on this appeal:

1. The ALJ erred in finding Plaintiff has the residual functional capacity to perform light work without proper consideration of Plaintiff's pain and other symptoms.

2. The ALJ erred in presenting an insufficient hypothetical, ignoring non-exertional limitations, and then relying on that hypothetical to find Plaintiff could perform light work.

3. The ALJ erred in discrediting the opinions of Drs. Terrell and Vora.

*Analysis*:

*Issue No. 1:*

Petitioner has suffered from chronic lower back pain since 2004, having undergone three back surgeries between 2005 and 2008. Because the surgeries did not resolve her pain, she underwent implantation of a spinal cord stimulator in 2009 but had to have it removed in 2010. In July of 2013, shortly after the alleged onset date of this petition, she had an MRI performed, which showed "no disc herniation or spinal stenosis." Tr. 537. Nonetheless, her extensive medical records document decreased range of motion, tenderness to palpation, and muscle spasms in her lower back throughout the relevant period. The difficult question in this case is the degree to which those problems restrict her function.

The first argument raised by Petitioner in Brief is that the ALJ failed to properly consider Petitioner's complaints of pain and other symptoms. Petitioner raises the issues of depression and anxiety, and the adverse effects of her pain medication. All of the medical sources, including Dr. Vora, a specialist to whom Petitioner was referred by counsel, found that Petitioner had no mental health issues that would interfere with her functioning. Indeed, Dr. Terrell's examination report notes that Petitioner denies depression and anxiety. Tr. 468. However, Petitioner's testimony raises the limiting effects of her pain, as does the report of Dr. Vora (which will be addressed later).

Petitioner complains in this issue that the ALJ discounted the credibility of her testimony regarding pain and other symptoms without proper explanation. The Commissioner concedes that

3

while the ALJ has great discretion in weighing the evidence and determining credibility, there are parameters governing those findings. For instance, in Social Security Ruling 96-7, the Commissioner clarified that:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

A review of the ALJ's opinion, especially at pages 9 through 11, shows that the ALJ did perform the required analysis of the record and give the specific reasons for his credibility determination. Petitioner's ability to walk without an assistive device and with only a slight limp, to squat and stand on heels and toes, and maintain steadiness, all impressed the examiners as inconsistent with her testimony of disability. Likewise, the ALJ cited her activities of daily living, such as caring for herself, performing household and yard chores, shopping and driving. Similarly, the ALJ cited indications of failure to follow physicians' orders, and possible drug-seeking behavior as lessening her credibility. The Court finds that the record, and particularly the consultative evidence, supports the ALJ's finding that the Petitioner's complaints of pain and disabling symptoms were not fully credible.

*Issue No. 2:*

The second issue is closely related to the other two. Petitioner argues that the Vocational Expert's determination that there are jobs that Petitioner can perform was erroneous because he was given an erroneous RFC by the ALJ. Petitioner's counsel preserved this issue by obtaining

4

testimony from the Mr. Weber that if Petitioner were to have to miss work three or more days a month on a consistent basis due to her symptoms, she could not maintain employment. Tr. 58. However, there is substantial evidence in the record to support the ALJ's decision not to include that limitation in his RFC determination. No physician, other than Dr. Vora, found that Petitioner was unable to work consistently, and both of the non-examining state medical consultants, Dr. Wright and Dr. Samaratunga, found that she could work consistently.

*Issue No. 3:*

The last issue argues that the ALJ erred in "discrediting" the opinions of Drs. Terrell and Vora. The ALJ certainly did discredit Dr. Vora's opinion, but the same is not true of Dr. Terrell. The ALJ cited extensively the findings of Dr. Terrell from his March 16, 2013 consultative examination. However, Dr. Terrell found Petitioner to be normal except for a reduced range of motion in her lumbar spine, and chronic low back pain occasionally radiating into her right leg. Importantly, he found normal range of motion and strength in both upper extremities. He found 5/5 strength in the left lower extremity, 4/5 in the right, and no signs of atrophy. She also had a normal stance and only a slight limp. These findings support the RFC established by the ALJ.

Dr. Vora, on the other hand, found Petitioner completely and totally disabled. Even though his physical examination findings were similar to Dr. Terrell's, Dr. Vora found that Petitioner could not even occasionally lift and carry as much as ten pounds. This despite the fact that Petitioner admitted this ability in her testimony at the hearing. He checked the boxes setting Petitioner's ability at the lowest level in every category, even saying she could "never" perform reaching, handling, feeling and fingering with her upper extremities, all of which were never questioned by any other provider or even Petitioner herself. Tr. 592-593. After reviewing these

5

contradictory findings, the ALJ observed that "I cannot give substantial weight to an opinion that does not purport to be objective, but merely asserts that she cannot do anything at any time." Tr. 19. Bearing in mind that Dr. Vora is not a treating physician, but rather one who performed a single examination of Petitioner, the Court cannot say that the ALJ erred in discounting his opinion.

*Conclusion:*

Determinations of the limiting effects of chronic back pain are always challenging. A review of this record convinces the Court that the ALJ was within his broad discretion is evaluating the medical evidence and the testimony of Petitioner. Accordingly, the finding of the Commissioner is affirmed and this action is dismissed.

**SIGNED this 18th day of September, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE